UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| JANE DOE )<br>)<br>    Plaintiff,    )<br>)<br>v.    )<br>)<br>MARTIQUE VANDERPOOL, et al.    )<br>)<br>    Defendants.    )<br>_____) | Case: _____ |

**DOE PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED USING PSEUDONYM AND FOR PROTECTIVE ORDER**

Pursuant to Rules 7(b) and 26(c) of the Federal Rules of Civil Procedure, and Local Rule 105, the Plaintiff respectfully moves for leave to file her Complaint pseudonymously as "Jane Doe" and for a protective order maintaining the confidentiality of her true identity.

**BACKGROUND**

On September 6, 2019, the Plaintiff in this action was driving her boyfriend's vehicle when she was pulled over by Martique Vanderpool and Philip Dupree, both officers in the Fairmount Heights Police Department, without any legal justification. Officers Vanderpool and Dupree arrested Doe and unlawfully searched her boyfriend's vehicle. The Plaintiff was transported to the Fairmount Heights Police Department after the officers had the vehicle towed.

Once at the police station, Officer Vanderpool then demanded sex from the Plaintiff in exchange for releasing her boyfriend's vehicle and avoiding criminal citations. Officer Dupree was present for the entire ordeal and failed to intervene to protect the Plaintiff. Fearing for her safety, the Plaintiff reluctantly submitted to Vanderpool's demand. Weeks later, the Plaintiff learned from Internal Affairs agents of the Prince George's County Police Department that Vanderpool was

1

HIV-positive at the time he raped the Plaintiff and did not disclose that information to her. Vanderpool is currently facing state and federal charges for his rape and exposure of HIV to the Plaintiff.

The Plaintiff asks this Court to permit her to proceed under the pseudonym "Jane Doe" and for a protective order to keep her identity confidential.

## ARGUMENT

As a general matter, Rule 10(a) of the Federal Rules of Civil Procedure require Complaints to "name all the parties." Fed. R. Civ. P. 10(a); *see also* D. Md. Local R. 102.2(a) (requiring "the names and addresses of all parties" on the complaint.) However, "[i]n exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant . . . use of a pseudonym." *Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). In these circumstances courts must balance "the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274.

In the Fourth Circuit, courts apply a non-exhaustive list of five factors to balance these interests. In particular, courts consider:

> (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature
> (2) "whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties
> (3) "the ages of the persons whose privacy interests are sought to be protected
> (4) "whether the action is against a governmental or private party and
> (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously."

2

*James v. Jacobsen*, 6. F.3d 233, 238 (4th Cir. 1993); *see also Int'l Refugee Assistance Project v. Trump*, CV TDC-17-0361, 2017 WL 818255, at *1 (D. Md. Mar. 1, 2017) (unreported) (applying *James* factors).

Under the factors listed in *James,* the Plaintiff here should be permitted to proceed under a pseudonym. First and most powerfully, the Plaintiff's claims arise from a "sensitive and highly personal" matter. Rape and other forms of sexual assault are widely known to trigger a feeling of shame in the victim and forcing the Plaintiff to identify herself in this matter would only compound that shame and thus augment the harm that the Defendants in this action have already caused. Indeed, because the Plaintiff's name and identity would become part of the permanent public record, this vulnerability would not expire at some point but remain with her permanently. *See E.E.O.C. v. Spoa, LLC,* CCB-13-1615, 2013 WL 5634337, at *3 (D. Md. Oct. 15, 2013) ("It is not simply that [the plaintiff who has suffered a sexual assault] may face embarrassment from this widespread disclosure … but rather [the plaintiff] may face psychological harm from having this sensitive experience made permanently available to anyone with Internet access."). Finally, not only will the Plaintiff's sense of shame be compounded, but the fact that the Plaintiff was involuntarily exposed to an incurable sexually transmitted disease carries the potential to stigmatize her well into the future. *See, e.g.*, *WGA v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999) (recognizing that a party's HIV status was a compelling reason to permit a party to proceed anonymously.)[1]

---

[1] Adding to the potential for shame and embarrassment here is the fact that the Plaintiff has a young child. Permitting the Plaintiff to proceed anonymously in this case will preserve her prerogative to determine when, if ever, to share with her child the traumatic harm she has suffered at the hands of the Defendants in this case.

Finally, it is important to note here that cases involving sexual violence are some of the most common cases in which plaintiffs are permitted to proceed by a pseudonym. *See, e.g., Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects."); *see also Doe v. Blue Cross & Blue Shield United of Wis.,* 112 F.3d 869, 872 (7th Cir.1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *E.E.O.C.*, 2013 WL 5634337, at *3, *4 (permitting plaintiff to proceed anonymously in part because "sexual assault" is a "highly sensitive and personal matter.")

With regard to the second factor—the risk of retaliatory conduct—the Plaintiff is not currently aware of an immediate threat of retaliatory conduct. Nonetheless, since this incident has occurred, the Plaintiff has developed a deep fear of interactions with police officers. If the Plaintiff's identity was revealed, her fear of interacting with police officers would only be compounded. Thus, permitting the Plaintiff to proceed under a pseudonym would significantly benefit her in managing her fear of retaliation. Aside from her fear of retaliation, Doe would also face trauma simply from the public scrutiny that would be brought on her as this case is litigated and covered by the media. *See, e.g., Doe v. De Amigos, LLC*, No. CV 11-1755, 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) ("Although there is no indication that her identification poses a risk of retaliatory harm, . . . publicity [associated with her suit] could exacerbate the psychological harm that she has already experienced.").

The third factor also weighs in favor of the Plaintiff here. At the time of the incident giving rise to this action, the Plaintiff was merely 19 years old. Although not a minor then, and three years older now, the Plaintiff is still young and in a far more vulnerable position than a person of a

4

greater age. *See, e.g., Doe*, 2012 WL 13047579, at *2 ("while some courts have recognized that adults are simply not as vulnerable as children, plaintiff was at the time of the alleged attack, and still is, a young adult college student, who may be more susceptible to scrutiny from peers than an older adult would be") (internal quotation marks and citation omitted).

The fourth factor—whether the suit is against a government entity—also favors the Plaintiff here. "Whether the defendant is a governmental entity or a private defendant is significant because governmental bodies do not share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *Doe v. Shakur,* 164 F.R.D. 359, 361 n.1 (S.D.N.Y. 1996) (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Defendant Fairmount Heights is a governmental entity and thus will not face the same "reputational" concerns of a private person. Although the Plaintiff is also suing three natural persons, they are sued in their capacity as former government officials, not ordinary private persons. By accepting public-facing government employment, these officials have accepted the risk that public scrutiny may affect their reputation. Moreover, many of the facts of this case and at least two of the Defendants names have already been reported publicly.[2] Thus, their reputation has already been widely subject to scrutiny and allowing the Plaintiff to proceed anonymously will not unfairly tilt the scales in the Plaintiff's favor. Finally, it is important to note that, if perpetrators or enablers of sexual violence are permitted to force their victims to publicly relive their attack, victims are far less likely to come forward and report the crime. This is a factor that courts have

---

[2]  *See* Katie Mettler, Former Md. Officer Accused of Sexually Assaulting Woman After Traffic Stop Now Facing Federal Charge, https://www.washingtonpost.com/local/public-safety/fairmount-heights-officer-sexual-assault-charged/2021/09/09/7c18ab0e-117b-11ec-9cb6-bf9351a25799_story.html (reporting on the criminal case against Martique Vanderpool); Katie Kyros, Ousted Fairmount Heights Police Chief Says Officers Went 'Rogue'; PD Should Shut Down, https://wjla.com/news/local/ousted-fairmount-heights-police-chief-watkins-speaks-out-rogue-officers (reporting on the firing of Stephen Watkins).

found relevant in prior cases. *See, e.g., Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) ("the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *Doe*, 2012 WL 13047579, at *2 (same); *Doe*, 307 F.R.D. at 5 (same).

Turning to the fifth and final factor, the prejudice to the Defendants in this case is nonexistent. The Defendants know the true identity of the Plaintiff based on (1) documents within their possession, (2) the current criminal charges against Vanderpool, and (3) the Plaintiff's prior Notice of Claim sent to the Town of Fairmount Heights on August 27, 2020. This is thus not a case where defendants, unaware that they have caused any harm to a particular person, are broadsided by an anonymous plaintiff alleging cryptic harms. Each and every Defendant in this case knows the exact identity of the Plaintiff here as well the specific circumstances giving rise to her claim. They can contest the Plaintiff's allegations with full vigor regardless of whether her true name is publicized to the world. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001) ("[Defendant's argument that it would be prejudiced by anonymity] is eviscerated by Roe's offer to disclose her name to the defendants for discovery purposes on condition that they do not disclose it to the general public. That is a reasonable way to reconcile the competing interests, and the district court can enter an appropriate protective order."); *E.E.O.C.*, 2013 WL 5634337, at *3 ("As to the final factor, most notably, allowing Doe to proceed under a pseudonym in court documents will not prejudice [the defendant's] defense. [The defendant] knows who Doe is, which means it is fully capable of investigating and responding to her allegations.")

## **CONCLUSION**

In sum, the Plaintiff here has an extraordinarily compelling reason for proceeding anonymously, and the Defendants have little, if any, reason for demanding that her identity be

publicized to the world (including her young child). All five factors favor the Plaintiff to one degree or another and this Court should therefore permit the Plaintiff to proceed under the pseudonym Jane Doe to protect her privacy and safety.[3] In addition, the Court should grant the attached protective order to ensure that, outside of formal pleadings, the Defendants protect the Plaintiff's identity from disclosure.

Respectfully submitted,

By: _____
David E. Haynes, Esquire
MD Bar # 18221
The Cochran Firm,
D.C./Baltimore
1666 K Street, N.W.
Suite 1150
Washington, DC 20006
Telephone: (202) 682-5800
Fax: (202) 408-8851
dhaynes@cochranfirm.com
*Attorney for Plaintiff*

Dated: August 2, 2022

---

[3] Although Defendants are aware of Doe Plaintiff's identity based on documents within their possession, the charges against Defendant Vanderpool, and Doe Plaintiff's Notice of Claim sent to Defendant Town of Fairmount Heights on August 27, 2020, Plaintiff Doe has attached to this motion her identity as Exhibit 1. This Court should enter the proposed protective order attached to this motion to ensure that Doe Plaintiff's identity is not disclosed.