**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

May 12, 2023

LETTER TO COUNSEL:

Re:     *Jane Doe v. Martique Vanderpool, et al.*
        Civil Case No. TJS-22-1915

Dear Counsel:

This case is assigned to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 44. Pending before the Court is the Motion to Bifurcate and for Stay of Discovery ("Motion") filed by Defendant Town of Fairmount Heights ("Fairmount Heights"). ECF No. 45. Having considered the parties' submissions (ECF Nos. 45, 46 & 47), I find that a hearing is unnecessary. *See* Loc. R. 105.6. The Motion will be denied.

Fairmount Heights moves for a trial separate from the claims brought against Defendants Martique Vanderpool, Philip James Dupree, and Stephen Watkins, and for a stay of discovery until those claims are resolved. ECF No. 45 at 1. Fairmount Heights points to a litany of cases in which judges of this District have bifurcated *Monell* and supervisory liability claims from the underlying § 1983 claims against individual officers. And it argues that bifurcation of claims and a stay of discovery as to Fairmount Heights is warranted because for Plaintiff to prevail on her claims against it, she must first establish that the other defendants violated her constitutional rights. If she is unable to do so, there will be no need for a trial as to the claims against Fairmount Heights, and indeed, no need to pursue discovery related to those claims.

Plaintiff opposes the Motion. ECF No. 46. She argues that it would be premature for the Court to decide whether to bifurcate the trial before discovery has begun and without the benefit of any specific argument as to why bifurcation might avoid unfair prejudice to a party or maximize judicial economy. *Id.* She notes that she will take discovery from Defendant Watkins regarding her failure to supervise claim against him, and this "will certainly require discovery from Fairmount Heights, including requests for documents and depositions of its Mayor, Town Manager and select current and former Council Members." *Id.* at 7. Plaintiff argues that she will probably be able to prove her claims against the individual defendants and that requiring her to conduct two rounds of discovery would be inefficient and expensive. Plaintiff also argues that staying discovery as to Fairmount Heights would lead to other inefficiencies. First, if discovery is stayed as to Fairmount Heights and Plaintiff prevails on her claims against the individual defendants, there will be a delay in the resolution of this case while she takes discovery related to Fairmount Heights. Second, Plaintiff argues that any stay of discovery as to Fairmount Heights might lead to discovery disputes regarding "the potentially fuzzy boundary between discovery relevant to the supervisory claims against Watkins and discovery related to the *Monell* claims against Fairmount Heights." *Id.* at 11

n.4. As the parties are well aware, discovery disputes lead to delay, increased expense, and the consumption of limited judicial resources.

The Court has broad discretion in deciding whether to bifurcate claims for trial and whether to stay discovery as to certain claims. *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir. 1993); *Cottman v. Baltimore Police Dep't*, No. SAG-21-837, 2022 WL 2073852, at *2 (D. Md. June 9, 2022) (citing Fed. R. Civ. P. 26(d)(1)). Fairmount Heights has not shown that bifurcation of the claims against it from those against the other defendants at trial is warranted. And it has not shown good cause to stay discovery related to Plaintiff's *Monell* claims.

The Court recognizes that in a significant number of cases against police departments and related entities, this Court has bifurcated *Monell* and supervisory liability claims from the underlying § 1983 claims against individual officers. But the decision whether to bifurcate is a fact-specific inquiry for which the Court has broad discretion. Considering the circumstances here, the Court will exercise its discretion to deny bifurcation at this time. The Court finds that the request is premature and that Fairmount Heights' arguments about possible prejudice and heightened efficiencies are nonspecific and unconvincing. Fairmount Heights is free to renew its request after the close of discovery and the resolution of any dispositive pretrial motions.

The Court will also deny the Motion to the extent that it seeks a stay of discovery related to Fairmount Heights. Staying discovery against Fairmount Heights would be extremely inefficient. The inefficiency is most obvious when considering the following scenario. If discovery against Fairmount Heights is stayed, and if Fairmount Heights later wins its motion to bifurcate claims at trial, the Court might be required to conduct two trials, with two juries, likely separated by several months. These inefficiencies would be intolerable and would not be offset by whatever minor cost savings Fairmount Heights might enjoy.

For these reasons, the Motion is **DENIED WITHOUT PREJUDICE** as to bifurcation. The Motion is **DENIED** as to a stay of discovery. The Court will enter a scheduling order separately so that the parties may begin taking discovery.

Sincerely yours,

_____/s/_____
Timothy J. Sullivan
United States Magistrate Judge