UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

November 20, 2023

LETTER TO COUNSEL:

    Re:    *Jane Doe v. Martique Vanderpool, et al.*
              Civil Case No. TJS-22-1915

Dear Counsel:

Pending before the Court is Intervenor Local Government Insurance Trust's ("LGIT") Motion to Stay Proceedings ("Motion").[1] ECF No. 54. Having considered the submissions of the parties (ECF Nos. 54, 56, & 58), I find a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.[2]

Plaintiff, Jane Doe ("Plaintiff"), alleges that Defendant Martique Vanderpool ("Mr. Vanderpool"), working as a Town of Fairmount Heights police officer, raped her. She brings claims against Mr. Vanderpool individually and jointly with Defendant Phillip Dupree, who she alleges was present in the building at the time of the incident and aware that the rape was occurring. Plaintiff also raises claims related to the incident against the Town of Fairmount Heights and Mr. Vanderpool's supervisor, Defendant Stephen Watkins, for negligent hiring and supervision. LGIT argues that it should not be required to defend Mr. Vanderpool because its policy is not triggered based on the allegations in Plaintiff's complaint and even if it is, Plaintiff's claimed injuries are not covered by the terms of LGIT's insurance contract. LGIT seeks a stay of the proceedings until a declaratory judgment proceeding pending in state court resolves the issue of whether Mr. Vanderpool's actions are within the scope of LGIT's insurance coverage.

I.    **Legal Standard**

District courts have discretion to stay proceedings when the resolution of those proceedings could be impacted by other pending actions. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d

---

[1] This case is assigned to me for all proceedings, pursuant to 28 U.S.C. § 636(c) and the consent of the parties. ECF No. 44.

[2] Also pending before the court is LGIT's Motion to Intervene (ECF No. 53). Plaintiff does not oppose the Motion to Intervene, given that the only purpose of LGIT's intervention is to file the Motion to Stay. ECF No. 57. LGIT's Motion to Intervene will be granted. If LGIT wishes to intervene for any purpose beyond its Motion to Stay, it must seek further leave of Court.

726, 730-31 (D. Md. 2018) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Although courts have broad discretion to grant a stay, the power is not "without limitation." *Williford v. Armstrong World Indus. Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). Rather, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id.* Additionally, "the burden of showing the necessity for a stay rests with the moving party, and is heightened when a stay will 'work damage' to another party." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731 (quoting *Landis*, 299 U.S. at 255).

When determining whether to grant a motion to stay, a court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. In determining whether to stay proceedings, courts consider three factors: (1) the impact on the ordserly course of justice, sometimes referred to as judicial economy, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected from a stay; (2) the hardship to the moving party if the case is not stayed; and (3) the potential damage or prejudice to the non-moving party if a stay is granted." *Int'l Refugee Assistance Project*, 323 F. Supp. 3d at 731.

## II.  Discussion

In October 2022, after this case was filed, LGIT filed a complaint for declaratory judgment in state court. *See* ECF No. 56-2 (docket sheet in *Local Government Insurance Trust v. Martique Vanderpool, et al.*, Case No. CAL22-29882, in the Circuit Court for Prince George's County, Maryland). In the state court case, LGIT is seeking a declaration that it does not owe a duty to defend or indemnify Mr. Vanderpool in this federal case. *See* ECF No. 54 at 1-2; 56-1. LGIT argues that this case should be stayed until the state court issues a declaration on its insurance obligations. It argues that a stay will "benefit all parties in this matter and ensure consistent outcomes related to insurance implications and further will aid to streamline the instant litigation as it moves forward, saving judicial resources." *Id.* at 4. In reference to the three factors courts consider when determining whether to stay a case, LGIT argues that staying this case is in the best interest of judicial economy. ECF No. 58 at 7-8. LGIT also argues that it will be prejudiced if this case is not stayed because it will be required to put forth a good faith defense of Mr. Vanderpool and litigate issues that are not implicated by the insurance policy it issued. *Id.* at 9-10. Finally, LGIT asserts that no other party will be prejudiced because waiting to confirm the lack of insurance coverage will "yield predictability and fairness for all parties by streamlining the instant litigation as it moves forward." *Id.* at 10-11.

Plaintiff opposes LGIT's motion. ECF No. 56. She argues that if any stay is appropriate, only the state court case should be stayed. She notes that "[t]here is voluminous precedent supporting a stay or dismissal of the [state declaratory judgment action], and an utter vacuum of precedent supporting the opposite view." *Id.* at 8-12. Plaintiff also argues that LGIT sat on its rights in failing to timely serve the defendants with process in the state case, prompting the state court to issue a "Notice of Contemplated Dismissal." *Id.* at 13-16. According to Plaintiff "LGIT's own actions show that it has not regarded the [declaratory judgment] action as a priority." *Id.* at 13. Alternatively, Plaintiff argues that LGIT's requested stay is overbroad, and that even if the case were stayed as to Mr. Vanderpool, it should proceed as to the other defendants. *Id.*

The Court will not stay this case until the state court decides the declaratory judgment case. On balance, after considering the three factors relevant to determining whether to grant a stay, the Court finds the case should proceed.

Judicial economy will not be served by granting a stay. LGIT does not know how long it will take for the state court to resolve the case. Given the pace of the state court litigation, it could be months (if not a year or more) before any decision. The state court case has been pending for more than one year with little active prosecution of its purported claim by LGIT. This Court will not leave this case dormant until at some uncertain date in the future. LGIT can obtain a clarification of its duties under its insurance policy in state court. Little weight is attached to the hardship LGIT claims it will experience if the stay is denied. LGIT has not been diligent in attempting to secure a timely declaration in the state court.

The prejudice to Plaintiff in terms of further delay is substantial. Plaintiff's lawsuit has been pending for nearly 15 months. Although the case was stayed at Plaintiff's request for part of that time, that stay was entered by consent and with good cause. The interests of justice now require this case to proceed toward a resolution on the merits. The Court acknowledges how a stay would benefit LGIT (inasmuch as it would clarify any obligation to defend Mr. Vanderpool or the Town of Fairmount Heights without requiring LGIT to incur expenses). Still, the Court concludes the harm to Plaintiff that would result from a stay outweighs any harm to LGIT if the stay is denied. For these reasons, a stay is not warranted.

The Court will docket a proposed scheduling order separately. The proposed scheduling order contains no restrictions on the scope of discovery ("pre-incident discovery" or otherwise, *see* ECF No. 55 at 5). The Court is not convinced that such restrictions are warranted. Any restrictions on discovery now will risk overcomplicating the discovery process and likely lead to disputes by the parties requiring the Court's intervention. The parties are invited to submit their positions on the proposed scheduling order, but shall do so through a joint status report to be filed within 14 days of the date of this Order.

### III. Conclusion

For the reasons set forth above, I find that a stay is not warranted. LGIT's Motion to Intervene (ECF No. 53) is **GRANTED**. LGIT's Motion to Stay (ECF No. 54) is **DENIED**. Despite the informal nature of this letter, it is an Order of Court and will be docketed as such.

November 20, 2023　　　　　　　　　　　　　　　　　　　　　／s／  
Date　　　　　　　　　　　　　　　　　　　　　　　　Timothy J. Sullivan  
　　　　　　　　　　　　　　　　　　　　　　　　　Chief United States Magistrate Judge