**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
(301) 344-3593

December 6, 2024

LETTER TO COUNSEL:

    Re:   *Jane Doe v. Martique Vanderpool, et al.*
           Case No. TJS-22-1915

Dear Counsel:

    Now pending before the Court is Plaintiff's Motion for Leave to Depose Defendant Watkins Regarding a Previously Unproduced Document ("Motion"). ECF No. 101. Having considered the submissions of the parties (ECF Nos. 101, 102 & 107), I conclude that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be denied.

    Discovery in this case, which has been ongoing for over a year, closed on September 30, 2024. *See* ECF Nos. 50 (commencing discovery on May 12, 2023) & 83 (modifying the scheduling order). Since discovery closed, the Court has repeatedly extended dispositive pre-trial motion deadlines to accommodate Defendant Vanderpool's re-deposition and Plaintiff's multiple motions to reopen discovery. ECF Nos. 93 (delaying dispositive pre-trial motions deadline) & 105 (vacating dispositive pre-trial motions deadline); *see also* ECF Nos. 91, 92, 101 & 104 (Plaintiff's motions to reopen discovery).

    In the instant Motion, Plaintiff requests leave to re-depose Defendant Watkins regarding a Notice of Intent to Terminate Dupree ("Notice of Intent"), which was produced to Plaintiff by the Town of Fairmount Heights on May 14, 2024. ECF No. 107. Plaintiff initially deposed Watkins in February 2024, before the Notice of Intent was produced. ECF No. 101-1. When Plaintiff attempted to obtain information from Watkins regarding the Notice of Intent via a request for admissions in October 2024, Watkins "unexpectedly" denied having authored the document and claimed not to have any knowledge of it. *Id.* Plaintiff now asserts that it is necessary to re-depose Watkins because "[a]ny different person or different method of discovery other than asking Watkins about the document under oath would fail to yield the information that the Plaintiff appropriately seeks." *Id.*

    Plaintiff must satisfy the Rule 16(b)(4) good cause standard to reopen discovery and re-depose Defendant Watkins. Fed. R. Civ. P. 16(b)(4); *see Edwards v. Edwards*, No. DKC-12-3761, 2014 WL 1573504, at *3 (D. Md. Apr. 18, 2014) (holding that the 16(b)(4) good cause standard must be satisfied to reopen discovery). Good cause requires demonstrating diligent efforts to meet court-imposed deadlines. *See Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va.1995) ("[T]he touchstone of 'good cause' under Rule 16(b) is diligence."). Plaintiff has plainly not been diligent here. She gave no explanation for why she waited five months to seek a request for admissions from Watkins regarding the Notice of Intent. In addition to asking Watkins to admit the

authenticity of the Letter of Intent earlier in discovery, Plaintiff could have timely propounded an interrogatory to Watkins. She also could have sought to re-depose him about the document while discovery was still open. Plaintiff asserts that she sought only an admission because she did not expect Watkins to deny the document's authenticity; however, if she had pursued this information in a timely manner, she could have sought further discovery or brought this dispute to the Court's attention before the close of discovery. Plaintiff's delay demonstrates a lack of diligence and disregard for the deadlines imposed by the Court.

Because Plaintiff has not been diligent in attempting to comply with deadlines ordered by the Court and therefore failed to show good cause, the Motion to for Leave to Depose Watkins is **DENIED**.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

                                                   Sincerely yours,

                                                   /s/
                                                Timothy J. Sullivan
                                                Chief United States Magistrate Judge