**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
CHIEF U.S. MAGISTRATE JUDGE
MDD_TJSchambers@mdd.uscourts.gov

U.S. Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770
(301) 344-3593

January 14, 2025

LETTER TO COUNSEL:

> Re:  *Jane Doe v. Martique Vanderpool, et al.*
> Case No. TJS-22-1915

Dear Counsel:

Now pending before the Court is Plaintiff's Motion to Compel Written Discovery Responses and Testimony from Defendant Martique Vanderpool or, in the Alternative, to Prohibit Defendant Vanderpool from Proffering Evidence on Matters Encompassed Within His Claim of Privilege ("Motion to Compel or Preclude Vanderpool") (ECF No. 90); Plaintiff's Motion to Prohibit Defendant Dupree from Proffering Evidence on Matters Encompassed Within His Claim of Privilege and Grant Plaintiff a Negative Inference Regarding His Invocations or, In the Alternative, Compel Testimony from Defendant Philip Dupree ("Motion to Compel or Preclude Dupree") (ECF No. 104); and Plaintiff's Motion to Clarify or Reconsider the Court's Ruling Regarding Plaintiff's Motion for Sanctions Against Fairmount Heights ("Plaintiff's Motion for Clarification") (ECF No. 112). Having considered the submissions of the parties (ECF Nos. 90, 97, 99, 104, 109, 111, 112, & 113), I conclude that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion to Compel or Preclude Vanderpool will be denied, the Motion to Compel or Preclude Dupree will be granted in part and denied in part, and the Motion for Clarification will be denied. Defendant Dupree is ordered to sit for re-deposition within three weeks of this Order, after which the parties are ordered to submit a joint status report to the Court.

In the Motion to Compel or Preclude Vanderpool, Plaintiff asks the Court to (1) define the scope of Vanderpool's Fifth Amendment Privilege, (2) order Vanderpool to provide more complete responses to Plaintiff's Requests for Production of Documents and Interrogatories, and (3) order Vanderpool to sit for another deposition following the close of his criminal trial. ECF No. 90. Since Plaintiff filed that motion, Vanderpool's criminal trial concluded, and he provided Plaintiff with updated written discovery responses and was re-deposed by Plaintiff on November 6, 2024. ECF No. 100. Vanderpool asserted his Fifth Amendment Privilege much more narrowly in his updated written discovery responses and re-deposition. *Id.* Whereas he initially asserted broad privileges on matters that apparently were not protected by the Privilege (such as his personal and employment history), he now asserts the Privilege on only the following matters: his HIV diagnosis and communication of the same; the criminal citations he wrote to Plaintiff on the night of September 19, 2019; voice messages between Vanderpool and his friend Denny Washington; and a photograph of a Fairmount Heights computer screen. *Id.* The voice messages and photograph were offered as exhibits in Vanderpool's criminal trial. *Id.*

Although Vanderpool was convicted at trial and is pending sentencing, he retains his Fifth Amendment Privilege through the conclusion of the appellate process. *Taylor v. Best*, 756 F.2d 220, 221 (4th Cir. 1994). Plaintiff fails to articulate why the four narrow matters noted above fall outside of the scope of Vanderpool's Fifth Amendment Privilege. The Court therefore declines to compel testimony from Vanderpool.

In Plaintiff's Motion to Compel or Preclude Dupree, Plaintiff asked the Court to compel Defendant Dupree's testimony regarding matters in which Dupree was, according to Plaintiff, improperly invoking his Fifth Amendment Privilege. ECF No. 104. These matters include (1) "questions relating to a list of grievances and instances of misconduct by other employees documented in a letter Dupree admitted to authoring;" (2) "whether Dupree ever heard Vanderpool threatening to impound vehicles in exchange for money or sexual favors;" and (3) "what the Fairmount Heights Town Counsel was spending their time doing generally." It is difficult to see how responses to the first and third categories of questions could possibly incriminate Dupree. And, in fact, Defendants do not argue that responses would be incriminatory. ECF No. 109. Rather, Defendants argue that the questions Dupree refused to answer went to *Monell* claims rather than the underlying § 1983 claims.[1] Defendants assert that the trial of the *Monell* claims should be bifurcated from the § 1983 claims, so any action by the Court regarding Dupree's refusal to answer Plaintiff's questions would be premature. However, the Court has broad discretion in deciding whether to bifurcate claims for trial. *Johnson v. Baltimore Police Department*, 500 F.Supp.3d 454, 458 (D. Md. 2020); Fed. R. Civ. P. 42(b). And the Court previously denied Defendants' motion to bifurcate discovery and trial. ECF No. 49. Dupree's refusal to engage in discovery regarding the *Monell* claims under the guise of a Fifth Amendment Privilege contravened that order. Defendants also argued that Plaintiff's motion should be denied as untimely. Accordingly, Dupree is ordered to respond to Plaintiff's questions that deal with issues of *Monell* liability. Dupree is instructed to assert his Fifth Amendment Privilege only if the information sought falls within the scope of that privilege. If Dupree violates this Order, the Court may impose any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A) against him.

In the Motion to Compel or Preclude Vanderpool, Plaintiff also asks the Court to "explain" to Vanderpool the consequences of invoking his Fifth Amendment Privilege. ECF No. 90. Specifically, Plaintiff asks that the Court "prohibit him from proffering evidence at trial or in any pre-trial proceedings and permit the trier of fact to use adverse inferences against the questions for which he has claimed a privilege." *Id.* Plaintiff made more or less the same request of the Court regarding matters over which Dupree asserted the Privilege in the Motion to Compel or Preclude Dupree. ECF No. 104.

---

[1] Defendants also argue that Plaintiff's motion should be denied as untimely. A court has discretion to consider an untimely motion to compel if the movant "offers an acceptable explanation for the motion's tardiness." *Spencer Med. Assocs. v. Comm'r*, 155 F.3d 268, 273 (4th Cir. 1998). Here, although the Motion to Compel Dupree was filed after the close of discovery, Plaintiff only became aware that Dupree's improper invocation of the Fifth Amendment Privilege would impact her case after she received a Response to Request for Admissions from Defendant Watkins on October 21, 2024. ECF No. 104. Given the history of the case and Plaintiff's explanation for the delay, the Court will exercise its discretion to consider the motion.

Plaintiff is correct that a party's opportunity to later present evidence may be limited by his assertion of the Fifth Amendment Privilege. *See, e.g.*, *In re Edmond*, 934 F.2d 1304 (4th Cir. 1991). Plaintiff is also correct that she may be entitled to adverse inferences at trial and on summary judgment regarding the matters over which Defendants asserted the Fifth Amendment Privilege. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). However, precluding Vanderpool's and Dupree's testimony at this time—before they have attempted to proffer evidence that Plaintiff alleges would fall within the Privilege—is premature. If Defendants proffer specific testimony or evidence that Plaintiff believes is inadmissible, Plaintiff must seek to exclude that evidence from trial through a motion *in limine* or evidentiary objection. Plaintiff may also argue that she is entitled to adverse inferences on specific matters in dispositive motions, motions *in limine*, and proposed jury instructions.

In the Motion for Clarification, Plaintiff asks the Court for "clarification or explicit instructions that the Court will permit her to introduce documents that her attorneys believe were the original personnel file documents regardless of whether the Defendants object that the evidence was not part of the personnel files or is not an authentic business record." ECF No. 112. Plaintiff identifies, in particular, a document written on Defendant Watkins' letterhead and bearing his electronic signature, but which Defendants refuse to authenticate. *Id.* But Plaintiff does not limit her motion to that one document. She also seeks to introduce any documents that her attorneys reasonably believe were part of the spoliated personnel files. *Id.* Plaintiff believes that this would be an appropriate extension of the sanctions the Court granted to Plaintiff regarding Defendant's spoliation of the personnel files. *Id.* The Court does not agree. Granting Plaintiff's request could snowball into a blanket exception to the ordinary rules of evidence. Doing so would not be warranted. *See* ECF No. 106. Plaintiff has identified an evidentiary issue that must be raised at the appropriate time and with reference to the specific evidence at issue; the Court will not award the broad relief that Plaintiff seeks in the abstract. Furthermore, as Defendants pointed out, Plaintiff's Motion for Clarification was untimely filed 30 days after the Court's Order granting in part and denying in part Plaintiff's Motion for Spoliation. *See* ECF Nos. 106 & 112. Loc. R. 110.10 ("[A]ny motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order.").

For the reasons stated above, Plaintiff's Motion to Compel or Preclude Vanderpool (ECF No. 90) is **DENIED**; Plaintiff's Motion to Preclude or Compel Dupree (ECF No. 104) is **GRANTED IN PART** and **DENIED IN PART**; and Plaintiff's Motion for Clarification (ECF No. 112) is **DENIED**. *See* Fed. R. Civ. P. 16(b)(4).

Dupree is **ORDERED** to sit for re-deposition **within 21 days** of this Order. Consistent with governing caselaw, Dupree may only assert his Fifth Amendment Privilege if the answer might tend to subject him to criminal prosecution. The parties are further **ORDERED** to submit a joint status report after Defendant Dupree's re-deposition, but no later than **February 11, 2025**. After the Court has reviewed the parties' joint status report, the Court will set a deadline for the parties to file dispositive pre-trial motions.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Sincerely yours,

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge